

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DORSHAY MORRIS, §
 §
    PLAINTIFF, §
 §
VS. § NO. 4:19-CV-638-A
 §
CITY OF FORT WORTH, ET AL., §
 §
    DEFENDANTS. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants Sergeant Kenneth Pierce ("Pierce") and Officer Maria Bayona ("Bayona") (together, "the officers") to dismiss. The court, having considered the motion, the response of plaintiff, Dorshay Morris, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On August 12, 2019, plaintiff filed her original complaint in this action. Doc.[1] 1. In it, she alleges:

On August 13, 2017, at approximately 3:25 a.m., plaintiff called law enforcement for help with a domestic situation with her boyfriend. Doc. 1, ¶ 15. Pierce and Bayona answered the call. Id. ¶ 16. Plaintiff's boyfriend was taken into custody for

---

[1] The "Doc.___" reference is to the number of the item on the docket in this action.

1

public intoxication. Id. ¶ 17. The officers questioned plaintiff and treated her as a suspect. Id. ¶ 18. Dissatisfied with plaintiff's responses, Pierce struck plaintiff on her throat and began pulling her hair and slammed her against a wall. He ordered Bayona to deploy her taser on plaintiff, which she did. Id. ¶ 19. Plaintiff was taken into custody and charged with aggravated assault with a deadly weapon and resisting arrest. She sat in jail for days before being released without prosecution on any of the charges. Id. ¶ 20. Pierce was fired and the Chief of Police said he was confident anyone who saw the video of the arrest would say Pierce's conduct was unacceptable. Id. ¶ ¶ 21, 23. Pierce's firing was reversed and he was reinstated with a thirty-five day suspension. Id. ¶ 24.

Plaintiff sues the officers under 42 U.S.C. § 1983 for use of excessive force and unlawful seizure.

II.

Grounds of the Motion

The officers assert a number of grounds in support of their motion. The court need only consider whether they are entitled to qualified immunity.

III.

Applicable Legal Principles

A. Pleading

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is

plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

4

B.  Qualified Immunity

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). For a right to be "clearly established," the right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. Hunter v. Bryant, 502 U.S. 224, 228 (1991); Anderson, 483 U.S. at 639-40. In Harlow, the court explained that a key question is "whether that law was clearly established at the time an action occurred" because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. In assessing whether the law was clearly established at the time, the court is to consider all relevant legal authority, whether cited by the parties or not. Elder v. Holloway, 510 U.S. 510, 512 (1994). If public officials of reasonable competence could

5

differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. Mullenix v. Luna, 136 S. Ct. 305, 308 (2015); Malley v. Briggs, 475 U.S. 335, 341 (1986); Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." Malley, 475 U.S. at 341. In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether plaintiff has alleged any violation of a clearly established right, and, if so, whether the individual defendant's conduct was objectively reasonable. Siegert v. Gilley, 500 U.S. 226, 231 (1991); Duckett v. City of Cedar Park, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. Siegert, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by plaintiff are true, a violation has clearly occurred. Connelly v. Comptroller, 876 F.2d 1209, 1212 (5th Cir. 1989). A mistake in judgment does not cause an officer to lose his qualified immunity defense. In Hunter, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." Malley, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err

6

always on the side of caution" because they fear being sued. . . .

502 U.S. at 229. Further, that the officer himself may have created the situation does not change the analysis. That he could have handled the situation better does not affect his entitlement to qualified immunity. Young v. City of Killeen, 775 F.2d 1349, 1352-53 (5th Cir. 1985).

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. Kovacic v. Villarreal, 628 F.3d 209, 211 (5th Cir. 2010); Foster v. City of Lake Jackson, 28 F.3d 425, 428 (5th Cir. 1994). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question beyond debate. White v. Pauly, 137 S. Ct. 548, 551 (2017). That is, the clearly established law upon which plaintiff relies should not be defined at a high level of generality, but must be particularized to the facts of the case. Id. at 552. Thus, the failure to identify a case where an officer acting under similar circumstances was held to have violated plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. Id.; Surratt v. McClarin, 851 F.3d 389, 392 (5th Cir. 2017).

IV.

Analysis

The officers discuss a number of reasons why plaintiff's detention was lawful.[2] Doc. 20 at 9-15. Plaintiff does not address these arguments, apparently conceding them,[3] instead choosing to focus on her excessive force claim. Doc. 37. Her argument addresses only the use of the taser. In this regard, she argues that the court should not take into consideration any of the items submitted in the officers' appendix in support of their motion to dismiss. She does not dispute that the items included are matters of public record. Rather, she argues that she does not rely on the exhibits and the court cannot do so either. But plaintiff does refer to, and rely upon, the body cam video, Doc. 21, Ex. B, in her complaint. Doc. 1 at 7, ¶ 23. Consideration of the video is appropriate. Blakely v. Andrade, 360 F. Supp. 3d 453, 472 (N.D. Tex. 2019); Crisp v. Ballard, No. 5:17-867, 2018 WL 6729018, * 2 (W.D. Tex. Dec. 22, 2018).

An excessive force claim is assessed without regard to the lawfulness of the arrest. Freeman v. Gore, 483 F.3d 404, 417 (5th

---

[2] These arguments appear to address count III of the complaint regarding unlawful seizure of plaintiff. It is not clear that count III is asserted against the individual officers. But, in any event, a federal civil rights action will not lie for a warrantless misdemeanor arrest in violation of state law. Fields v. City of S. Houston, 922 F.2d 1183, 1189 (5th Cir. 1991). And, as the Fifth Circuit has recently noted, probable cause to arrest can be for any crime, not just the one subjectively considered by the officers. Davidson v. City of Stafford, 848 F.3d 384, 392 (5th Cir. 2017). Even officers who mistakenly conclude that probable cause is present are entitled to qualified immunity. Gibson v. Rich, 44 F.3d 274, 277 (5th Cir. 1995).

[3] Failure to respond to arguments made in a motion to dismiss results in waiver of opposition. Charboneau v. Box, No. 4:13-CV-678, 2017 WL 1159765, at *13 (E.D. Tex. Mar. 29, 2017).

Cir. 2007). The elements of an excessive force claim are: (1) an injury,[4] (2) that resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness was clearly unreasonable. Id., 483 F.3d at 416. As the Supreme Court has explained, determining whether the force used to effect a particular seizure is reasonable requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests and the countervailing governmental interests at stake. Graham v. Connor, 490 U.S. 386, 396 (1989). Application of the test requires careful attention to the facts and circumstances of the particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. Id. The reasonableness of the particular use of force must be judged from the perspective of a reasonable officer on the scene, without regard to intent or motivation, id. at 397, rather than with the "20/20 vision of hindsight." Id. at 396. That the officer could have handled the situation better is not a factor in the constitutional analysis. Young v. City of Killeen, 775 F.2d 1349, 1352-53 (5th Cir. 1985).

Plaintiff argues that she did not pose any threat to the officers or anyone else. Doc. 37 at 7. But, in response to the

---

[4] The injury must be more than de minimis. Tarver v. City of Edna, 410 F.3d 745, 751 (5th Cir. 2005).

contention that she did not obey lawful commands when asked for her identification, plaintiff argues that the commands were not reasonable.[5] Id. The issue, however, is not the reasonableness of the commands, but whether every officer in that situation would have known that he could not attempt to put handcuffs on plaintiff and to use a taser on her if she resisted. Plaintiff argues that it is not okay to tase someone for not producing an ID. Assuming arguendo that the officers' actions violated plaintiff's constitutional rights, plaintiff would still need to show that those rights were clearly established at the time. To do so, she must point to case law establishing that the officers acted unreasonably based on facts similar to the particular circumstances they faced. Vann v. City of Southaven, Miss., 884 F.3d 307, 310 (5th Cir. 2018); Cass v. City of Abilene, 814 F.3d 721, 732-33 (5th Cir. 2016); Defrates v. Podany, 789 F. App'x 427, 434-35 (5th Cir. 2019); Hale v. City of Biloxi, 731 F. App'x 259, 264 (5th Cir. 2018).[6]

Plaintiff has not made any attempt to show that the law as to use of the taser under similar circumstances was clearly established at the time the officers used the taser on her. The particular circumstances in this case are that plaintiff called

---

[5] Plaintiff does not argue that she obeyed the officers' commands. Nor could she. The video reflects that plaintiff did not comply with commands to provide her identification. Nor did she cooperate in being handcuffed.
[6] The court recognizes that unpublished opinions are not precedential. The court cites these cases because they involve use of a taser during the course of making an arrest and are instructive here.

911 at approximately 3:25 a.m. on August 13, 2017. Doc. 1, ¶ 15. Plaintiff said that she had a knife and would stab her boyfriend if he kept trying to "do stuff to [her] stuff" and that she had no problem using the knife. Doc. 21, Ex. A. Plaintiff said that she would not go back into her apartment and she would not put down the knife. Id. When the officers arrived, they could hear a commotion. Doc. 21, Ex. B. Plaintiff's boyfriend was taken into custody for public intoxication. Doc. 1, ¶ 17. The officers questioned plaintiff, treating her as a suspect. Id. ¶ 18. Plaintiff refused to provide her identification to the officers. Doc. 21, Ex. B. Pierce told plaintiff she would be handcuffed and taken to jail if she did not hand Bayona her identification. Id. Bayona attempted to handcuff plaintiff, who pulled away and yelled for Bayona to get her hands off plaintiff. Id. After trying unsuccessfully to handcuff plaintiff, Pierce ordered Bayona to use her taser on plaintiff, which she did. Id. Plaintiff was taken into custody and charged with aggravated assault with a deadly weapon and resisting arrest. Doc. 1, ¶ 20.

Rather than citing any cases regarding use of a taser in a similar situation, plaintiff relies on Graham, which the Court has said sets the standard at too high a level of generality. Pauly, 137 S. Ct. at 552. As best the court can tell, qualified immunity has been granted to officers using a taser on an unarmed person who refuses officers' commands. See, e.g., Hale,

731 F. App'x at 264; Buchanan v. Gulfport Police Dep't, 530 F. App'x 307 (5th Cir. 2013)(failure to comply with police instructions would be enough to overcome claim of excessive force for tasing); Cloud v. Stone, No. 3:18-1070, 2020 WL 401914 (W.D. La. Jan. 23, 2020); Crisp v. Ballard, No. 5:17-867, 2018 WL 6729018 (W.D. Tex. Dec. 22, 2018)(discussing cases where Fifth Circuit precedent allowed force against noncompliant persons). Plaintiff has not shown that the officers are not entitled to qualified immunity.

V.

Request To Amend

At the end of her response, almost as an afterthought, plaintiff asks that she be allowed to amend if the court determines that her complaint is deficient in any respect. Doc.37 at 15. Plaintiff has not filed a motion for leave to amend. See Local Civil Rule LR 5.1(c). Nor has she provided a proposed amended complaint. See Local Civil Rule LR 15.1. Plaintiff does not explain what more she could plead. Given that plaintiff admits she did not comply with the officers' commands, there does not appear to be anything that could be gained by an amended pleading except for a delay in the inevitable. As no purpose would be served in allowing an amendment, the court is denying leave to amend.

## VI.

## Order

The court ORDERS that the officers' motion to dismiss be, and is hereby, granted, and that plaintiff's claims against the officers in this action be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of such claims.

SIGNED February 21, 2020.

_____
JOHN McBRYDE
United States District Judge