IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| DORSHAY MORRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-638-A |
| | § | |
| CITY OF FORT WORTH, TEXAS, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant City of Fort Worth, Texas ("City"), to dismiss. Plaintiff, Dorshay Morris, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On August 12, 2019, plaintiff filed her original complaint in this case. Doc.[1] 1. She alleges that City failed to adequately train its employees regarding the proper use of tasers, excessive force, and wrongful detentions. Id. ¶¶ 51-57. She also appears to seek to hold City liable for her alleged unlawful seizure by its officers. Id. ¶ 60.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this case.

II.

## Grounds of the Motion

City urges two grounds in support of its motion. First, plaintiff cannot show the violation of any constitutional right; nor can she meet the elements of a failure to train claim. Second, City is immune from claims under the Texas Tort Claims Act.

III.

## Applicable Pleading Standards

The general pleading standards were set forth in the court's February 21, 2020 memorandum opinion and order and need not be repeated here. Doc. 39 at 3-4. With regard to municipal liability, the law is clearly established that the doctrine of respondeat superior does not apply to § 1983 actions. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Williams v. Luna, 909 F.2d 121, 123 (5th Cir. 1990). Liability may be imposed against a municipality only if the governmental body itself subjects a person to deprivation of rights or causes a person to be subjected to such deprivation. Connick v. Thompson, 563 U.S. 51, 60 (2011). Local governments are "responsible only for 'their *own* illegal acts.'" Id. (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986)). Thus, plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official

2

municipal policy caused their injuries. Monell, 436 U.S. at 691. Specifically, there must be an affirmative link between the policy and the particular constitutional violation alleged. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985).

Proof of a single incident of unconstitutional activity is not sufficient to impose liability unless proof of the incident includes proof that it was caused by an existing unconstitutional policy. Tuttle, 471 U.S. at 823-24. (If the policy itself is not unconstitutional, considerably more proof than a single incident will be necessary to establish both the requisite fault and the causal connection between the policy and the constitutional deprivation. Id. at 824.) Thus, to establish municipal liability requires proof of three elements: a policymaker, an official policy, and a violation of constitutional rights whose moving force is the policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).

The Fifth Circuit has been explicit in its definition of an "official policy" that can lead to liability on the part of a governmental entity, giving the following explanation in an opinion issued en banc in response to a motion for rehearing in Bennett v. City of Slidell:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an

3

> official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.
>
> Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

735 F.2d 861, 862 (5th Cir. 1984)(per curiam).

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick v. Thompson, 563 U.S. 51, 61 (2011). The failure to train must constitute "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." Id. (brackets in original). To establish deliberate indifference for a failure to train ordinarily requires the plaintiff to show a pattern of similar constitutional violations. Id. at 62. In other words, the plaintiff must show that the city's policymakers[2] were on actual or constructive notice that a particular omission in their training program caused its employees to violate citizens' constitutional rights, but it chose to disregard the known or obvious consequences of

---

[2] Under Texas law, the final policymaker for a city is the city council. Groden v. City of Dallas, 826 F.3d 280, 286 (5th Cir. 2016).

4

its program. Id. at 61-62; Goodman v. Harris Cty., 571 F.3d 388, 395 (5th Cir. 2009).

The "description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." Spiller v. City of Texas City, 130 F.3d 162, 167 (5th Cir. 1997). That is, the plaintiff must allege with specificity how a particular training program of a municipality is defective. Zarnow v. City of Wichita Falls, 614 F.3d 161, 170 (5th Cir. 2010). Naked assertions, labels and conclusions, and formulaic recitations are not sufficient to show that plaintiff has a substantially plausible claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

IV.

Analysis

In the memorandum opinion and order of February 21, 2020, the court granted the motion of the individual officer defendants to dismiss, finding that they were entitled to qualified immunity. In analyzing whether an officer is entitled to qualified immunity, the court considers whether plaintiff has alleged a violation of a clearly established constitutional right and, if so, whether the individual defendant's conduct was objectively reasonable. Siegert v. Gilley, 500 U.S. 226, 231 (1991). In so doing, the court does not assume that the

plaintiff has asserted a violation of a constitutional right; rather, the court must be certain that, if the facts alleged by plaintiff are true, a violation has clearly occurred. Id. at 232. Here, the court determined that, even if the facts alleged by plaintiff were true, she had not stated a claim, i.e., a violation of a constitutional right. Since plaintiff failed to plead the violation of a constitutional right by the individual defendants, it makes no difference what City policy might have allowed. Plaintiff cannot hold City liable. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

Even assuming plaintiff had stated plausible claims of a constitutional violation by the individual defendants, to proceed with her claims against City, she had to have alleged that City's training policy procedures were inadequate; City was deliberately indifferent in adopting its training policy; and, the inadequate training policy directly caused the violations in question. Zarnow, 614 F.3d at 170. Deliberate indifference means that City disregarded a known or obvious consequence of its action. Connick, 563 U.S. at 61. City can only have been deliberately indifferent if it was on notice that a particular omission in its training program caused its employees to violate citizens' constitutional rights. Id.

In this case, plaintiff has not alleged with specificity how City's training program was defective. She has not alleged

6

that City's policymakers were on notice that its training was inadequate but chose to proceed with the same training. And, she has not alleged sufficient facts to support the contention that a particular inadequate training policy caused a violation of her constitutional rights. Rather, she has pleaded nothing more than conclusory allegations.

As for plaintiff's state law claims, under the Texas doctrine of sovereign immunity, a governmental entity cannot be held liable for the actions of its employees unless a constitutional or statutory provision waives its sovereign immunity in clear and unambiguous language. See Univ. of Tex. Med. Branch v. York, 871 S.W.2d 175, 177 (Tex. 1994); Duhart v. State, 610 S.W.2d 740, 742 (Tex. 1980). The Texas Tort Claims Act provides such a waiver in certain circumstances. Tex. Civ. Prac. & Rem. Code § 101.025; York, 871 S.W.2d at 177. However, the Act does not waive immunity with respect to claims "arising out of assault, battery, false imprisonment, or any other intentional tort." Tex. Civ. Prac. & Rem. Code § 101.057(2); see Goodman v. Harris Cty., 571 F.3d 388, 394 (5th Cir. 2009). Use of excessive force (here, the taser) is an intentional tort and an alternative negligence pleading cannot save the claim where the claim is based on the same conduct as the intentional tort claim. Saenz v. City of El Paso, 637 F. App'x 828, 830-31 (5th Cir. 2016); Cox v. City of Fort Worth, 762 F. Supp. 2d 926, 935

7

(N.D. Tex. 2010); City of Watauga v. Gordon, 434 S.W.3d 586, 593 (Tex. 2014).

V.

Order

The court ORDERS that City's motion to dismiss be, and is hereby, granted, and plaintiff's claims against City be, and are hereby, dismissed.

SIGNED May 8, 2020.

_____
JOHN McBRYDE
United States District Judge